## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ECOLOGICAL RIGHTS FOUNDATION<br>867 Redwood Drive, Suite B<br>Garberville, CA 95542 | )<br>)<br>)<br>) | |
| Plaintiff, | ) | Case No. 1:19-cv-980 |
| v. | )<br>) | |
| UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1.      Ecological Rights Foundation ("EcoRights") brings this action under the Freedom of Information Act ("FOIA"), which, amongst other things, allows an aggrieved party to seek relief when records are unlawfully withheld, and authorizes a reviewing court to enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B). EcoRights also brings this action under the FOIA regulations that the United States Environmental Protection Agency ("EPA") has adopted and which allow an aggrieved party to seek judicial relief. 40 C.F.R. § 2.104(a). EcoRights seeks declaratory and injunctive relief for FOIA violations by the EPA. EcoRights submitted a FOIA request to EPA on August 30, 2018 ("FOIA Request"), and this lawsuit addresses EPA's failure to comply with the requirements of FOIA with regards to that FOIA Request.

2.      Recognizing that FOIA requesters are harmed when agencies do not

ensure prompt public access to agency records, Congress has repeatedly amended FOIA to address unreasonably agency delay. For example, the Electronic Freedom of Information Act Amendments of 1996 confirmed that "[t]he purposes of this Act are to-- (1) foster democracy by ensuring public access to agency records and information; (2) improve public access to agency records and information; (3) ensure agency compliance with statutory time limits; and (4) maximize the usefulness of agency records and information collected, maintained, used, retained, and disseminated by the Federal Government." 110 Stat. 3048, 104 P.L. 231, Sec. 1.

3.      Given the time-sensitive nature of FOIA requests, FOIA litigation is subject to expedited judicial consideration. Unlike other civil litigation involving a federal agency, a responsive pleading is required within thirty days of service. 5 U.S.C. § 552(a)(4)(C) ("Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown.").

4.      EcoRights' FOIA Request seeks transition memoranda issued since former Administrator Scott Pruitt resigned from the EPA on July 5, 2018, relating to efforts to curtail transparency at EPA, acceptable travel and housing costs and practices for EPA employees, complaints of retaliatory reassignments and demotions within EPA, and complaints about improper promotions at EPA. The FOIA Request also seeks documents related to Administrator Andrew Wheeler's[1] plans for the soundproof phone booth former Administrator Pruitt installed in his office; to continue former Administrator Pruitt's attempts to shrink the EPA and institute a "hiring freeze" at EPA; to change policies concerning how to review and/or respond to FOIA requests; and his calendar,

---

[1] At the time EcoRights submitted the August 30, 2018, FOIA Request, Andrew Wheeler was the Acting Administrator of the EPA. However, the Senate confirmed Andrew Wheeler's appointment on February 28, 2019, and he is now the current Administrator of the EPA.

meeting schedule, and meeting notes. The FOIA Request also seeks documents related to the EPA Inspector General's ongoing ethics investigations of former Administrator Pruitt. Finally, the FOIA Request seeks documents related to the sufficiency of EPA's search for records responsive to a separate FOIA request EcoRights submitted to EPA on February 1, 2017. Dkt. 1-1.

5.      The records sought by EcoRights are crucial to inform the public about internal instructions to EPA employees related to issues including whether and how to fulfill or neglect statutory obligations in administering and enforcing federal environmental laws; the extent to which EPA employees are being instructed to operate in secrecy, and/or are operating in secrecy, and the consequent reduction in transparency of EPA's actions; the impacts of funding cuts on programs that implement the nation's environmental laws, and their ability to fulfill their obligations under those laws; the degree to which EPA employees are being censored; and the EPA's current priorities, operations, and implementation of environmental laws, all of which have consequences for imperiled wildlife, catastrophic climate change, and public health in communities across the United States. The documents are also expected to reveal the outcomes of the ethics investigations of former Administrator Pruitt, demonstrating whether there will be accountability and disciplinary action in response to his unethical conduct while in office.

6.      For EcoRights' August 30, 2018, FOIA Request, EPA has failed to issue a final determination on the FOIA Request in compliance with FOIA's mandatory timelines; improperly withheld agency records that are responsive to the FOIA Request; failed to conduct an adequate search for records that are responsive to EcoRights' FOIA Request; failed to utilize a FOIA tracking system to provide EcoRights with statutorily-mandated, up-to-date information about the FOIA Request; and failed to provide EcoRights with a current estimated completion date for the entire FOIA Request. EPA's violations of FOIA at issue in this case have thwarted EcoRights' efforts to timely receive current information in EPA's possession and have hampered EcoRights' efforts to serve

as an effective public interest watchdog over EPA's activities and the confirmation of Administrator Wheeler.

## JURISDICTION

7.      This Court has jurisdiction pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B), which allows an aggrieved party to seek relief when documents are unlawfully withheld, and authorizes a reviewing court to enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

8.      This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

9.      This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

10.     In addition to *de novo* review and authority to compel agency FOIA compliance, this Court has statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to remedy the potentially arbitrary and capricious circumstances surrounding the agency's withholding of records. 5 U.S.C. § 552(a)(4)(F). The Special Counsel provision is a reform mechanism Congress adopted to remedy persistent agency resistance to FOIA's open government purposes. This unique statutory provision promotes judicial efficiency and preserves judicial resources by empowering the Special Counsel to directly carry out investigations into potentially arbitrary and capricious circumstances and make binding recommendations that ensure Defendants fulfill FOIA's purposes going forward. *Id*.

11.     "In the event of noncompliance with the order of the court, the district

court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

12.     The FOIA claims made in this Complaint are ripe for judicial review and the harm Defendants have caused to Guardians can be remedied by an order of this Court.

13.     This Court has personal jurisdiction over EPA and its officials because EPA is an agency of the federal government operating within the United States.

## VENUE

14.     Venue in the United States District Court for the District of Columbia is appropriate under 5 U.S.C. § 552(a)(4)(B). Venue is also appropriate under 28 U.S.C. § 1391 because EPA is an agency of the United States with its headquarters in Washington, D.C., and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## THE PARTIES

15.     Plaintiff ECOLOGICAL RIGHTS FOUNDATION ("EcoRights") is a non-profit, public benefit corporation, organized under the laws of the State of California, devoted to furthering the rights of all people to a clean, healthful, and biologically diverse environment. To further its environmental advocacy goals, EcoRights actively seeks federal and state agency implementation of state and federal environmental laws and, as necessary, directly initiates enforcement actions on behalf of itself and its members.

16.     Any person who files a FOIA request is deemed to have standing to invoke the jurisdiction of the Federal Courts to carry out the judicial review provisions of FOIA. EcoRights filed the FOIA Request at issue and has standing to bring this FOIA suit.

17.     EcoRights brings this action on its own behalf and on behalf of its
adversely affected staff and members. EcoRights works in furtherance of its goals in part
by acquiring information regarding federal programs and activities through FOIA.
EcoRights then compiles and analyzes that information and, subsequently, disseminates
that information to its membership, the general public, and public officials through
various sources, including reports posted on its website and other website and through
television and radio interviews. EcoRights' successful efforts at educating the public on
issues concerning federal government programs and activities that affect the environment
contribute significantly to the public's understanding of governmental operations and
activities. EcoRights also uses the information that it acquires through FOIA to
participate in federal decision-making processes, to file administrative appeals and civil
actions, and generally to ensure that federal agencies comply with federal environmental
laws.

18.     EcoRights regularly uses FOIA as an important avenue for gaining
information about agency activities. EcoRights is harmed when it is denied timely access
to documents to which it is entitled. A clear example of harm to EcoRights here is that
EPA's delay in producing these records prevented EcoRights from using this information
to inform the public of Administrator Wheeler's activities, positions, and policies in
advance of his Senate confirmation hearings. EcoRights was hampered in its ability to
engage in this confirmation process because EPA failed to timely release the requested
records before the confirmation process was over. This harm is ongoing as EcoRights is
still unable to use this information to educate the public about Andrew Wheeler's actions
at EPA and the general obstruction of environmental law enforcement that is going on at
the Agency currently. Without this information, EcoRights cannot successfully serve as
an effective public interest watchdog ensuring that EPA is lawfully fulfilling its statutory

duties.

19.     EcoRights intends to continue its use of FOIA to access agency records in the possession of EPA. Specifically, EcoRights has concrete plans to submit additional FOIA requests to EPA as EcoRights' advocacy efforts continue, and to follow up on the information learned while reviewing agency records responsive to the present FOIA Request.

20.     One of the purposes of FOIA is to promote the active oversight role of public advocacy groups incorporated in many federal laws applicable to federal agencies, including the Administrative Procedure Act. *See, e.g.,* 5 U.S.C. §§ 551, *et seq*. EcoRights uses FOIA to publicize activities of federal agencies and to mobilize the public to participate in advocacy to elected and other government officials concerning environmental policies. EcoRights intends to continue using FOIA requests to fulfill its oversight and advocacy role through scrutinizing agency records, a practice Congress intended to promote through the adoption of FOIA. The FOIA Request seeks to understand EPA actions and policies that threaten the ability of EPA to carry out its very mission, "to protect human health and the environment." https://www.epa.gov/aboutepa/our-mission-and-what-we-do. This harm can be remedied in part by ensuring EcoRights has prompt access to public records going forward.

21.     EcoRights, its staff, or one or more of its members have and will suffer direct injury by the EPA's failure to comply with the statutory requirements of FOIA, and a favorable outcome of this litigation will redress that injury. EPA's refusals to provide timely FOIA access to agency records prevents EcoRights' ability to participate as an informed watchdog, looking over EPA's actions to ensure that it adequately protects the public and the environment from serious harm. Harm to the environment and to people

flows from EPA's FOIA violations, which conceal the facts and circumstances of EPA's current management and activities. EcoRights is also harmed by EPA's failure to use a tracking system to provide, amongst other things, a current estimated completion date or to otherwise provide EcoRights with a current estimated completion date for the FOIA Request. This failure prevents EcoRights from planning for review of the records and deprives EcoRights of information necessary to determine whether it must litigate the FOIA Request at issue in order to timely secure the records that it has requested.

22.     Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY ("EPA") is an agency as defined by 5 U.S.C. § 552(f)(1) that is responsible for administering and implementing the nation's environmental laws. FOIA charges EPA with the duty to provide public access to agency records in its possession or control. EPA possesses records responsive to EcoRights' FOIA Request. EPA is denying EcoRights access to its records in contravention of federal law.

23.     EPA failed to lawfully make a determination on EcoRights' FOIA Request within the statutory twenty-working-day limit. As of the date of this filing, EPA possesses, controls, and unlawfully withholds agency records responsive to EcoRights' FOIA Request that are not subject to a FOIA exemption. As of the date of this filing, EPA has not completed a FOIA-compliant search for records responsive to EcoRights' FOIA Request. As of the date of this filing, EPA has not used its tracking system to provide EcoRights with information on the FOIA Request, including a current estimated completion date for the FOIA Request, or otherwise provided EcoRights with a current estimated completion date for the FOIA Request.

## STATUTORY AND REGULATORY BACKGROUND

24.     FOIA was amended in 2007 to reaffirm that Congress, through FOIA, continues to seek to "ensure that the Government remains open and accessible to the American people and is always based not upon the 'need to know' but upon the fundamental 'right to know.'" Pub. L. No. 110-175, 121 Stat. 2524, Section 2 ¶6 2007).

25.     Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, and this puts all questions of FOIA compliance, including but not limited to failure to comply with the twenty-business-day determination deadline, within the jurisdiction of the federal courts. 5 U.S.C. § 552(a)(6)(C)(i).

26.     FOIA requires that an agency disclose documents to any person except where the document falls under a specifically enumerated exemption. 5 U.S.C. § 552. The courts have emphasized the narrow scope of these exemptions and "the strong policy of the FOIA that the public is entitled to know what its government is doing and why." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980).

27.     When an agency decides to withhold records under a claim of exemption, it must notify the person making the request of that determination and the reasons therefor. 5 U.S.C. § 552(a)(6)(A)(i). Government agencies bear the burden of proof to show that any withheld documents are exempt from the otherwise complete duty to disclose. 5 U.S.C. § 522(a)(4)(B).

28.     On June 30, 2016, President Obama signed into law the FOIA Improvement Act of 2016. The Act made significant amendments to FOIA, effective as of enactment on June 30, 2016. 5 U.S.C. § 522, § 6; Department of Justice Office of

Information Policy Summary of the FOIA Improvement Act of 2016, available at

https://www.justice.gov/oip/oip-summary-foia-improvement-act-2016 ("OIP FOIA 2016

Summary"). The amendments include changes to the standard by which EPA must

evaluate potential withholdings. The FOIA Improvement Act of 2016 dictates that

agencies shall withhold information only if disclosure would harm an interest protected

by an exemption – what is referred to as the "foreseeable harm standard" – even if that

information is arguably subject to an exemption claim by the agency. 5 U.S.C. §

552(a)(8)(A)(i); OIP FOIA 2016 Summary.

29.     5 U.S.C. § 552(a)(6)(A)(i) requires that the agency provide enough

information, presented with sufficient detail, clarity, and verification, so that the requester

can fairly determine what has not been produced and "the reasons therefore."

30.     FOIA also requires an agency to consider partial disclosure whenever the

agency determines that full disclosure of a requested record is not possible and to take

reasonable steps necessary to segregate and release nonexempt information. 5 U.S.C. §

552(a)(8)(A).

31.     An agency's process for dealing with FOIA requests constitutes

"withholding" if its net effect is to significantly impair the requester's ability to obtain the

records or significantly increase the amount of time he or she must wait to obtain them.

*McGehee, III v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983),

*vacated in part on other grounds*, 711 F.2d 1076 (1983).

32.     FOIA requires that an agency, upon any request for records, shall

promptly make the records available. 5 U.S.C. § 552(a)(3)(A). An agency shall make a

determination whether to comply with a request within twenty business days after the

receipt of the request and shall immediately notify the party making the request of such determination, the reasons for the determination, and the party's right to appeal. 5 U.S.C. § 552(a)(6)(A)(i).

33.     In unusual circumstances, the agency may extend the time for the determination, for no more than ten days, by written notice to the party, specifying the reasons for the extension and the date on which the agency expects to provide the determination. 5 U.S.C. § 552(a)(6)(B)(i). "Unusual circumstances" means (1) the need to search for and collect requested records from field facilities or other establishments separate from the office processing the request; (2) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records; or (3) the need for consultation with another agency or agency component having a substantial interest in the determination of the request. *Id*. Consultation with another agency must be conducted with all practicable speed. 5 U.S.C. § 552(a)(6)(B)(iii)(III).

34.     Federal agencies are under a duty to conduct a reasonable search for records responsive to a party's request using methods that can be reasonably expected to produce the records requested to the extent those records exist. 5 U.S.C. § 522(a)(3)(C).

35.     FOIA also mandates that each agency shall maintain an online or telephone system that provides information about the status of a FOIA request to the person making the request that uses the assigned tracking number and includes the date on which the agency originally received the request and an estimated date on which the agency will complete action on the request. 5 U.S.C. § 552(a)(7). The tracking system and requirement to provide an estimated completion date were amended into FOIA in 2007 to help remedy widespread and casual agency violation of FOIA deadlines.

36.     FOIA disputes are normally resolved on summary judgment, with the burden of proving FOIA compliance falling on the agency. The agency must carry its burden of demonstrating all elements of FOIA compliance. The agency may meet its litigation burdens by providing declarations, and disclosing contravening evidence in its possession, that address, among other things: a broad interpretation of the FOIA Request, lawful search, lawful cut-off date for each search, and the justification in a "Vaughn Index" for withholding any agency record or part thereof.

37.     FOIA provides additional statutory relief where the Court has granted the plaintiff statutory attorney fees and entered orders compelling disclosure of withheld records. In those cases, the Court may enter judicial findings that the agency's conduct in addressing a FOIA request involves circumstances that raise questions as to whether the agency acted arbitrarily or capriciously while violating the plaintiff's rights involving timely FOIA access to agency records. 5 U.S.C. § 552(a)(4)(F).

## FACTUAL BACKGROUND

### EcoRights' FOIA Request

38.     On August 30, 2018, EcoRights submitted the FOIA Request to EPA. This FOIA Request, and EPA's violations of FOIA related to it, is the basis for this lawsuit.

39.     EcoRights' FOIA Request seeks several specific categories of documents relating to the policies and practices of the EPA since the resignation of former Administrator Pruitt on July 5, 2018. This specifically includes records related to ethical issues that came to light during the former Administrator's tenure at EPA, and documents that shed light on whether Mr. Pruitt's practices and policies continue under Administrator Wheeler. First, the FOIA Request seeks transition memoranda issued by

EPA since July 5, 2018. Second, the FOIA Request seeks documents related to Administrator Wheeler's use of the $43,000 soundproof phone booth that former Administrator Pruitt had installed in his office. Third, the FOIA Request includes documents related to EPA's approach to staffing under Administrator Wheeler, including: a) documents related to reinstating EPA employees that had been demoted by former Administrator Pruitt for questioning his ethics or practices into their former positions; b) documents related to demoting, removing, or re-evaluating employees who had been potentially improperly promoted by former Administrator Pruitt; and c) documents related to EPA's policy to continue or change course from EPA's hiring freeze under former Administrator Pruitt. Fourth, the FOIA Request includes documents related to the EPA Office of the Inspector General's investigation of former Administrator Pruitt. Fifth, the FOIA Request includes Administrator Wheeler's full calendar, meeting schedule, and meeting notes since July 5, 2018. Sixth, the request includes policies related to any changes in FOIA request processing since July 5, 2018. Seventh, the FOIA Request seeks documents related to the sufficiency of EPA's search for records responsive to a separate FOIA request EcoRights submitted to EPA on February 1, 2017.

40.     The documents EcoRights requests constitute the best available evidence of the EPA's changes in policies following former Administrator Pruitt's departure from the EPA, as well as documents describing the outcome of the ethics investigations into former Administrator Pruitt's actions. The documents EcoRights requests also constitute the best available evidence of how EPA plans to reallocate personnel and fill vacant positions at EPA, thus shedding light on which programs will be staffed or not. These

documents will reveal any areas of under enforcement of environmental laws and potential public health risks, thus highlighting any gaps in enforcement where citizens may need to intervene with citizen suits to protect public health and the environment. The documents will also reveal whether Administrator Wheeler is continuing the secretive policies of his predecessor or whether he is being transparent with the public, including whether Administrator Wheeler's full calendar is publicly available, whether he is meeting with people with whom he has conflicts of interest, and whether he is using the aforementioned soundproof phone booth. The documents requested will also shed light on whether EPA has changed its policies and practices with regard to responding to FOIA requests. Finally, the documents requested that relate to EcoRights' February 1, 2017 FOIA request will also shed light on the EPA's policies and practices in responding to FOIA requests under the supervision of former Administrator Pruitt, including what instructions were given to EPA employees when searching for responsive records, and records shedding light on how the Office of the Executive Secretariat and Office of Public Affairs evaluated potentially responsive records.

### EcoRights' subsequent correspondence with EPA

41.     EcoRights submitted the FOIA Request to EPA through FOIAOnline on August 30, 2018, and EPA received the FOIA Request that same day. On September 7, 2018, EPA informed EcoRights that it was denying its request for expedited processing.

42.     On September 13, 2018, EcoRights contacted EPA. EcoRights urged EPA to provide EcoRights with a determination on its FOIA Request within FOIA's statutory time limits, *i.e.*, by September 28, 2018. EcoRights pointed out several instances where EPA had recently failed to comply with FOIA's time limits with regards to other FOIA

requests that EcoRights had sent to EPA, including some FOIA violations that EcoRights

had recently been forced to litigate. EcoRights also informed EPA that EcoRights would

promptly litigate if EPA fails to comply with the law in its processing of EcoRights'

FOIA Request.

43.     EPA did not respond to EcoRights' correspondence until December 11,

2018, 69 working days after EPA received the FOIA request. Despite coming well after

the twenty-working-day deadline for a final determination, this email did not provide a

determination, responsive records, or an estimated completion date for the FOIA Request.

44.     Having still received no determination, responsive records, or estimated

completion date, EcoRights again contacted EPA on March 13, 2019, 130 working days

after EPA received the FOIA Request. This email informed EPA that its determination on

the FOIA Request was now long overdue. EcoRights informed EPA that it had not

received a determination on the FOIA Request, responsive records, or an estimated

completion date for the FOIA Request and told EPA that EcoRights planned to file a

lawsuit challenging EPA's violations of FOIA on March 20, 2019, unless the parties

could quickly resolve this dispute.

45.     EPA and EcoRights subsequently began negotiating production and EPA

produced some responsive records, all of which were either publicly available or heavily

redacted. EcoRights did not file a lawsuit on March 20, 2019, and instead continued to

negotiate the ongoing record production and redaction issues with EPA informally.

However, EcoRights and EPA were unable to reach agreements on the outstanding issues

related to production and redaction of responsive records. This lawsuit follows.

**Current Status**

46.     As of the filing date of this Complaint, EcoRights has not received EPA's final determination on the FOIA Request. As of the filing date of this Complaint, EPA has not communicated a completion date by which EcoRights can expect a final determination on the FOIA Request.

47.     On information and belief, EPA does not utilize a telephone line dedicated to tracking FOIA request status, instead relying on an online tracking system found at https://foiaonline.gov/foiaonline/action/public/home. As of the filing date of this Complaint, EPA's online system provided an estimated completion date for the request of October 3, 2018 and lacked a current estimated date by which EPA would complete the FOIA Request. If EPA does use a dedicated FOIA tracking telephone line then, on information and belief, it also does not include a current estimated completion date for the FOIA Request.

48.     As of the filing date of this Complaint, EPA currently possesses or controls, and is withholding, agency records responsive to EcoRights' FOIA Request that are not subject to a FOIA exemption. EPA's withholding of agency records is unlawful.

49.     As of the filing date of this Complaint, EPA continues to withhold agency records responsive to the FOIA Request. EPA has not made and communicated a final determination on the FOIA Request. EPA has not completed a FOIA-compliant search. EPA has not provided the "cut-off date" used for any search, thereby frustrating EcoRights' intent to file a follow-up FOIA request. EPA has provided no sufficient basis for withholding any of the specific agency records being withheld in full or in part.

50.     EcoRights now turns to this Court to provide relief that ensures EcoRights,

its membership, and the public have the prompt public access to agency records guaranteed by FOIA. 5 U.S.C. § 552(a)(6).

## FIRST CLAIM FOR RELIEF

### Violation of FOIA: Constructive Denial and Unlawfully Withholding Agency Records Responsive to the FOIA Request

51.    EcoRights repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

52.    EPA has not communicated to EcoRights the scope of the documents it intends to produce and withhold in response to the FOIA Request or its reasons for withholding any documents, and has not disclosed to EcoRights records responsive to the FOIA Request.

53.    EPA violated FOIA (5 U.S.C. § 552(a)) by failing to provide a lawful determination and response to EcoRights' August 30, 2018, FOIA Request within the statutory twenty-day period. 5 U.S.C. § 552(a)(6)(A)(i).

54.    This failure to make a lawful determination on EcoRights' FOIA Request within the time frame required by FOIA is a constructive denial and wrongful withholding of the records EcoRights requested in violation of FOIA. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(C)(i).

55.    EPA continues to violate FOIA by not making responsive records promptly available to EcoRights. 5 U.S.C. § 552(a).

## SECOND CLAIM FOR RELIEF

**Violation of FOIA: Unlawfully Withholding Agency Records
Responsive to the FOIA Request that are Not Subject to a FOIA Exemption**

56.     EcoRights repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

57.     EcoRights has a statutory right to the records it seeks, and there is no legal basis for EPA to assert that any of FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. §§ 552(b)(l)-(9).

58.     EPA continues to violate FOIA by illegally withholding agency records that are responsive to the FOIA Request, but which EPA has not demonstrated are subject to any FOIA withholding provision and which, on information and belief, are not subject to any such provision. 5 U.S.C. § 552(b).

## THIRD CLAIM FOR RELIEF

**Violation of FOIA – Failure to Conduct an Adequate Search**

59.     EcoRights repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

60.     EcoRights has a statutory right to have EPA process its FOIA Request in a manner that complies with FOIA. EcoRights' statutory rights in this regard were violated when EPA unlawfully failed to undertake a search reasonably calculated to locate records responsive to EcoRights' FOIA Request.

61.     EPA continues to violate FOIA by failing to conduct and document a lawful search for responsive records, which is a condition precedent to a lawful determination. On information and belief, EPA has withheld responsive agency records due to an unlawfully narrow search. 5 U.S.C. §§ 552(a)(3)(B)-(C).

## FOURTH CLAIM FOR RELIEF

### Violation of FOIA – Failure to Use the FOIA Tracking System

62.     EcoRights repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

63.     FOIA mandates that each agency shall maintain an online or telephone system that provides information about the status of a FOIA request to the person making the request that uses the assigned tracking number and includes the date on which the agency originally received the request and an estimated date on which the agency will complete action on the request. 5 U.S.C. § 552(a)(7). This provision was amended into FOIA in 2007 to help remedy widespread and casual agency violation of FOIA deadlines.

64.     EPA does not utilize a telephone line dedicated to tracking FOIA request status, instead relying on an online tracking system found at https://foiaonline.gov/foiaonline/action/public/home.

65.     EPA has not used the online FOIA tracking system to provide information on EcoRights' FOIA Request.

66.     As of the filing date of this Complaint, EPA's online system provided an estimated completion date for the request of October 3, 2018 and lacked a current estimated date by which EPA would complete the FOIA Request.

67.     On information and belief, EPA has not utilized a telephone line dedicated to tracking FOIA request status that has an estimated completion date by which EPA will complete the FOIA Request.

68.     EPA has ignored a statutory duty and thereby denied EcoRights the statutory benefit of the FOIA tracking system mandated by Congress. 5 U.S.C. §

552(a)(7).

## FIFTH CLAIM FOR RELIEF

### Violation of FOIA – Failure to Provide an Estimated Completion Date

69.    EcoRights repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

70.    Pursuant to 5 U.S.C. § 552(a)(7)(B)(ii), EPA must provide EcoRights with "an estimated date on which the agency will complete action on the request."

71.    EcoRights has asked EPA numerous times for an estimated date of completion for its pending FOIA Request. In so doing, EcoRights invoked 5 U.S.C. § 552(a)(7)(B)(ii).

82.    EPA has repeatedly failed to provide an estimated date of completion for EcoRights' FOIA Request.

## REQUEST FOR RELIEF

WHEREFORE, EcoRights respectfully requests that this Court enter judgment providing the following relief:

A.    Enter findings and declare that EPA violated its duty to comply with FOIA's statutory deadlines;

B.    Enter findings and declare that EPA violated FOIA by unlawfully withholding agency records responsive to EcoRights' FOIA Request;

C.    Enter findings and declare that EPA violated FOIA by failing to conduct a search reasonably calculated to locate the records responsive to EcoRights' FOIA Request;

D.     Enter findings and declare that EPA violated FOIA by failing to use the

FOIA-mandated tracking system for EcoRights' FOIA Request;

E.        Enter findings and declare that EPA has violated its duty to provide

EcoRights with the estimated completion date for EcoRights' FOIA Request;

F.        Direct by injunction that EPA provide EcoRights a lawful determination

on EcoRights' FOIA Request by a date certain;

G.        Direct by order that EPA conducts a lawful search for responsive records.

H.        Direct by order that EPA provides proof that it conducted a lawful search

with a cutoff date set as the date of such order;

I.        Direct by injunction that EPA promptly provide all agency records

responsive to EcoRights' FOIA Request that are not subject to withholding pursuant to

one of the nine recognized FOIA exemptions.

J.        Direct by order that EPA provide EcoRights with a detailed statement

justifying each withholding of an agency record, or portions thereof, in accordance with

the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert.*

*denied*, 415 U.S. 977 (1974).

K.        Direct by order that EPA provide EcoRights with all responsive agency

records by a date certain, within twenty working days of any such order;

L.        Grant EcoRights' costs of litigation, including reasonable attorney fees as

provided by FOIA, 5 U.S.C. § 552(a)(4)(E);

M.        Enter a finding that EPA's conduct with regards to EcoRights' FOIA

Request involves circumstances that raise questions of whether EPA has acted arbitrarily

and/or capriciously with regards to EPA's withholding of records by delaying a

determination, withholding of records by not providing prompt access to those records,

withholding of records not subject to a FOIA Exemption, and withholding of records by failing to conduct an adequate search, and refer the matter to Special Counsel for administrative investigation and remedy, 5 U.S.C. § 552(a)(4)(F); and,

N.    Provide such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED, April 8, 2019**

/s/ *Stuart Wilcox*_____
Stuart Wilcox (Bar No. CO0062)
Stuart Wilcox LLC
2340 Dayton Street
Aurora, CO 80010
(720) 331-0385
stuart.wilcox5@gmail.com

*Attorney for Plaintiff*