# EXHIBIT E

| | |
|---|---|
| **From:** | Yarbrough, Christopher |
| **To:** | "Stuart Wilcox" |
| **Cc:** | "heather@enviroadvocates.com" |
| **Subject:** | RE: FOIA Request # EPA-HQ-2018-011071 |
| **Date:** | Thursday, March 21, 2019 7:16:00 PM |

Good afternoon, Stuart.  I hope your day has gone well.

I will approach providing this update based on the structure of Ecological Rights Foundation's (EcoRights) ten-part FOIA request (what amounts to 21 distinct FOIA requests, when including sub-parts):

1. A search has been initiated for each of the eight sub-categories comprising part #1 of your request.  The information for these eight requests each represents a separate, distinct FOIA request and spans multiple program offices across the Agency.  We are working diligently to collect records potentially responsive to each part of the request and process them.  The Office of the Administrator will work with the other program offices to review, process, and produce these records, and when possible, I will review the records myself.

2. A search has been initiated for part #2 of your request, regarding the use or disposal of the soundproof phone booth in the Administrator's office.  This part of the request involves another program office within the EPA, and we are awaiting their response and potentially responsive records.  The Office of the Administrator will work with the other program office to review, process, and produce these records.

3. Part #3 of your request, concerning any directive, memorandum, communications, etc., memorializing or discussing reassignment of personnel within the EPA has been referred to another program office within the Agency.  That program office will have responsibility for reviewing, processing, and producing their records.

4. Part #4 of your request, concerning any directive, memorandum, communications, etc., memorializing or discussing demoting, firing, or evaluating the abilities of EPA employees has been referred to another program office within the Agency.  That program office will have responsibility for reviewing, processing, and producing their records.

5. Part #5 of your request, concerning any directive, memorandum, communications, etc., memorializing or discussing a change of course in encouraging EPA employees to quit or retire has been referred to another program office within the Agency.  That program office will have responsibility for reviewing, processing, and producing their records.

6. The EPA has provided an interim response for part #6 of your request, for the calendars of Administrator Wheeler.  We plan on providing EcoRights additional calendar records within one week.

   A search has been initiated for the second portion of part #6 of your request, for "all memos, communications, e-mails, and other documents created by Acting Administrator Wheeler, his

aides, any member of the Office of the Administrator, or any member of the Office of Public Affairs, related to any advice, policy, practice, or intentions to publish or to not publish any portions of Acting Administrator Wheeler's schedule online."  The Office of the Administrator will maintain responsibility for reviewing, processing, and producing these records, and I will be reviewing them myself as soon as I begin receiving them back.

7. Part #7 of your request will be referred to the EPA Office of the Inspector General.  I am currently working to identify the correct point of contact within that office, and anticipate completing this task tomorrow.  That office will then have responsibility for reviewing, processing, and producing their records.

8. A search has been initiated for part #8 of your request.  I anticipate producing an interim response to EcoRights no later than Tuesday, March 26, 2019.

   This part of your request will also be referred to our National FOIA Office for their evaluation and so they can identify, process, and provide any potentially responsive records.

9. A search has been initiated for part #9 of your request.  The Office of the Administrator will maintain responsibility for reviewing, processing, and producing these records, and I will be reviewing them myself as soon as I begin receiving them back.

10. Part #10 of your request has four sub-parts.  A search has been initiated for each part of this request, and I anticipate providing you an interim response to part D next week.

I will now shift to answering your additional questions; #1, 2, 3, and 4, found in your email below.

Concerning question #1, the EPA is proceeding immediately based on each part of your request, as described above.  Parts #3, 4, and 5 may need refinement for EPA personnel to craft an effective search or determine what records are responsive, but that will be left to the discretion of the program office the requests have been referred to.

Concerning questions #2 and 3, the EPA cannot currently commit to an exact production schedule or completion date for this request.  We currently do not know how many potentially responsive records will need reviewing, or how long other program offices will need to process their records. That said, as additional information becomes available, we will likely have a clearer picture of the timeline involved in producing these records.  To help provide clarity, I propose we touch base on a weekly basis until this request is completed to keep the lines of communication open as well as provide you the latest outlook on timing.

Concerning question #4, regarding the Administrator's calendar records, the EPA provided you the same records we released last fall to many other requestors, and as of yet, we have not received any objections to the redactions.  We have a longstanding agreement with a member of the media to redact emails and phone numbers within the Administrator's calendars to maximize efficiency and to aid in expediting the release of these records.  The result of this agreement is that we can provide the records more quickly, based on the tremendous volume of FOIA requests we process and given

the resources we possess.  The EPA has been producing the Administrator's calendar, subject to this agreement and within the same redaction guidelines, since Administrator Lisa Jackson, and we have never had a requestor object to the redactions.

I appreciate your understanding, and look forward to discussing this with you further.  I am here to help.

Chris

**From:** Stuart Wilcox <stuart.wilcox5@gmail.com>
**Sent:** Wednesday, March 20, 2019 7:09 PM
**To:** Yarbrough, Christopher <yarbrough.christopher@epa.gov>
**Cc:** heather@enviroadvocates.com
**Subject:** Re: FOIA Request # EPA-HQ-2018-011071

Hello Chris,

Thank you for the update.  I assume that the response you mention will also cover the four categories of information I mentioned in my above email:

1. Your assessment of which descriptions in the FOIA request are too broad and the reasons why;
2. A production schedule EPA will agree to for the remaining records;
3. An estimated completion date that will ensure EcoRights receives these long overdue records promptly; and
4. A description of EPA's basis for the redactions it has made thus far given that they appear facially improper.

Have a nice evening.

Best,
Stuart

On Wed, Mar 20, 2019 at 2:41 PM Yarbrough, Christopher <yarbrough.christopher@epa.gov> wrote:

> Hi, Stuart.  I hope your afternoon is going well.
>
> I spent a tremendous amount of time working on this today.  Bottom line: we are currently working to fulfill each part of your request.
>
> I will have a substantive response for you tomorrow, one that outlines specifically what efforts/searches are being done for each of the twenty-one requests for information comprising this request.
>
> Thanks for your patience.  Have a great evening.