# EXHIBIT G

**From:**       Yarbrough, Christopher
**To:**         "Stuart Wilcox"
**Cc:**         heather@enviroadvocates.com
**Subject:**    RE: FOIA Request # EPA-HQ-2018-011071
**Date:**       Tuesday, March 26, 2019 4:13:00 PM
**Attachments:** EPA Implementation of FOIA.pdf

Good afternoon, Stuart.  I hope your day is going well.

I am still evaluating your response from Friday, March 22, 2019.

That said, pursuant to our past emails please see the link below containing a record responsive to #8 of your original FOIA request, asking for "all documents created by EPA since July 5, 2018 constituting or memorializing any instructions, directive, plan, policy, practice, or memorandum to EPA staff concerning how to review and/or respond to Freedom of Information Act ("FOIA") requests."

This record was released November 13, 2018, and outlines the EPA's position on implementation of the Freedom of Information Act.  The record is attached above and can also be found here: https://www.epa.gov/sites/production/files/2018-11/documents/wheeler-messageonfoia-november132018.pdf

Please let me know if you have any questions or concerns.  I look forward to talking soon.

Chris

**From:** Stuart Wilcox <stuart.wilcox5@gmail.com>
**Sent:** Friday, March 22, 2019 7:50 PM
**To:** Yarbrough, Christopher <yarbrough.christopher@epa.gov>
**Cc:** heather@enviroadvocates.com
**Subject:** Re: FOIA Request # EPA-HQ-2018-011071

Hello Chris,

Thank you for providing this information.  My remaining questions for now are as follows:

1. Are you treating EcoRights' FOIA Request as 21 distinct FOIA requests instead of a single FOIA request as it was submitted?  I'm a little bit confused based on the wording above.
2. Can you confirm when these various searches began?  Have any been completed yet?  If any have been completed, how many pages of responsive records have been located?
3. It sounds like the search has not started for several (at least numbers 3, 4, 5, and 7 above), is that correct?  When will the other offices that have been delegated responsibility for carrying out these searches begin their searches?
4. Thank you for identifying which items EPA is claiming are, or may be, too broad, but I still haven't got any information on why your position is that numbers 3, 4, and 5 are, or may be, too broad.  Please do provide that justification.
5. It is not acceptable to EcoRights to delay indefinitely without adequate assurances from EPA

that it will promptly provide EcoRights with its seriously overdue determination and records.  I appreciate your offer to regularly check in, but this proposal as stated now does not meet my client's needs.

6. Regarding the redaction of Administrator Wheeler's calendar records, our position is that the redactions are either legally proper or they are not.  It is irrelevant what agreement EPA may or may not have come to with another requester or whether any other requesters of these same records have challenged the redactions thus far.  Regardless, the redactions are not just limited to phone numbers and email addresses, and we have identified numerous additional redactions that we believe are improper and numerous documents that appear to be missing (including all attachments referenced in the calendar entries).  Also, more generally, there is no explanation for the redactions and so little context that it completely prevents us from judging the basis in some cases.  This is why I requested an explanation of the legal basis for these redactions, and I repeat my request that you please provide that explanation.  The following examples provide an overview of some of the improper redactions I have identified, but are in no way comprehensive:

   - Meeting attendees' names are redacted under (b)(6) on numerous occasions.  *See, e.g.,* July 7-31 at 16.  This also extends to the meeting organizer in many instances throughout the production.  *See, e.g.,* August 1-31 at 17-25 (redacting organizer's name under (b)(6) at least 18 times).  This prevents us from analyzing attendance and organization of these meetings and is without basis in (b)(6).
   - There are numerous instances where information is redacted under (b)(5), but there is no evidence anything there was part of any internal agency deliberation.  *See, e.g.,* July 7-31 at 26*.*
   - There are numerous occasions where information is redacted under (b)(5), but the information was already shared with people outside of the agency.  *See, e.g.,* July 7-31 at 40.
   - There are several redactions under (b)(7)(f) - could reasonably be expected to endanger the life or physical safety of any individual.  *See, e.g.,* July 7-31 at 28-29.  Meeting with Andrew Wheeler could not reasonably be expected to endanger the life or physical safety of any individual.
   - The descriptions of many meetings are redacted under (b)(6), but a meeting description in no way represents a "clearly unwarranted invasion of personal privacy."
   - Finally, even if a redaction did arguably apply to any of the redacted items in the production thus far, and we do not agree that they do, Congress amended FOIA through the FOIA Improvement Act of 2016 to make it clear that the agency should only be withholding information where it disclosure would cause reasonably foreseeable harm.  5 U.S.C. § 552(a)(8)(A)(i)(I).  The broad brush redactions we have here completely ignore that goal and are contrary to the letter and spirit of FOIA.

Again, I am interested in working this out without the need to resort to litigation.  However, any solution will need to satisfy EcoRights' interests, and we are not there yet.  I will keep an eye out for your thoughts moving forward.

Have a nice weekend.

Best,
Stuart

On Thu, Mar 21, 2019 at 5:16 PM Yarbrough, Christopher <yarbrough.christopher@epa.gov> wrote:

Good afternoon, Stuart.  I hope your day has gone well.

I will approach providing this update based on the structure of Ecological Rights Foundation's (EcoRights) ten-part FOIA request (what amounts to 21 distinct FOIA requests, when including sub-parts):

1. A search has been initiated for each of the eight sub-categories comprising part #1 of your request.  The information for these eight requests each represents a separate, distinct FOIA request and spans multiple program offices across the Agency.  We are working diligently to collect records potentially responsive to each part of the request and process them.  The Office of the Administrator will work with the other program offices to review, process, and produce these records, and when possible, I will review the records myself.

2. A search has been initiated for part #2 of your request, regarding the use or disposal of the soundproof phone booth in the Administrator's office.  This part of the request involves another program office within the EPA, and we are awaiting their response and potentially responsive records.  The Office of the Administrator will work with the other program office to review, process, and produce these records.

3. Part #3 of your request, concerning any directive, memorandum, communications, etc., memorializing or discussing reassignment of personnel within the EPA has been referred to another program office within the Agency.  That program office will have responsibility for reviewing, processing, and producing their records.

4. Part #4 of your request, concerning any directive, memorandum, communications, etc., memorializing or discussing demoting, firing, or evaluating the abilities of EPA employees has been referred to another program office within the Agency.  That program office will have responsibility for reviewing, processing, and producing their records.

5. Part #5 of your request, concerning any directive, memorandum, communications, etc., memorializing or discussing a change of course in encouraging EPA employees to quit or retire has been referred to another program office within the Agency.  That program office will have responsibility for reviewing, processing, and producing their records.

6. The EPA has provided an interim response for part #6 of your request, for the calendars of Administrator Wheeler.  We plan on providing EcoRights additional calendar records within one week.