# EXHIBIT H

| | |
|---|---|
| **From:** | Yarbrough, Christopher |
| **To:** | "Stuart Wilcox" |
| **Cc:** | heather@enviroadvocates.com |
| **Subject:** | RE: FOIA Request # EPA-HQ-2018-011071 |
| **Date:** | Friday, March 29, 2019 12:26:00 PM |
| **Attachments:** | FOIA Efficiency Memo.pdf |
| | Redacted_Acting Administrator Wheeler Calendar December 1 - 31 2018_UPDATED.pdf |
| | Redacted_Acting Administrator Wheeler Calendar November 1 - 30 2018.pdf |
| | Redacted_Acting Administrator Wheeler Calendar September 1 - 30 2018.pdf |

Good morning, Stuart.

I am working with my management to address the concerns you raised in your emails from March 22, 2018 and yesterday.  I am doing the best I can, given the number of FOIA's we have to process, to gather, review, and process records responsive to this request.  I anticipate getting you a response early next week – and I'm sorry you are frustrated, but do believe we are bending over backwards to fulfill this request.

As discussed previously, please see the record (attached above) that is responsive to #8 of your original FOIA request, which asks for "all documents created by EPA since July 5, 2018 constituting or memorializing any instructions, directive, plan, policy, practice, or memorandum to EPA staff concerning how to review and/or respond to Freedom of Information Act ("FOIA") requests."  This record was released November 16, 2018, and is the Chief of Staff's memorandum on the Awareness Notification Process for Select Freedom of Information Act Releases.

Additionally, please see records responsive to part #6 of the request, also attached above.  This represents the EPA's <u>fourth</u> interim response as part of an ongoing effort to fulfill FOIA request # EPA-HQ-2018-011071.  These records, the calendar of Administrator Wheeler from September 1, 2018 to December 31, 2018, will be supplemented with records for later time periods once those calendars become available.

Please let me know if you have any questions or concerns.  I will circle back soon.

Chris

**From:** Stuart Wilcox <stuart.wilcox5@gmail.com>
**Sent:** Thursday, March 28, 2019 4:22 PM
**To:** Yarbrough, Christopher <yarbrough.christopher@epa.gov>
**Cc:** heather@enviroadvocates.com
**Subject:** Re: FOIA Request # EPA-HQ-2018-011071

Hello Chris,

Thank you for passing along the above EPA website document.  I will keep an eye out for the additional Andrew Wheeler calendars you said EPA will be producing today.

As for the bigger picture of how we can move forward with this request, we remain willing to consider foregoing a lawsuit.  However, that will require acceptable solutions to our two core

concerns, which are so far not being adequately addressed.  First, we have no commitment about when we will get full production.  Second, EPA is improperly redacting a large amount of material without any real explanation.

The lack of a clear, binding production schedule with a clear end date is a really big concern.  So far all that EPA has produced is a limited number of calendar entries (which apparently were already produced for someone else's FOIA request) and a document that was published on EPA's website four months ago.  This has taken seven months, and my client didn't get anything at all until we told EPA we were going to file a lawsuit to compel production.  This indicates basically no work on the request to date.  Now my client is being asked to delay filing a lawsuit without any assurances about when they can expect completed production.  Furthermore, even if EPA gave estimated production dates, we have had numerous experiences where EPA and other agencies have made promises related to FOIA production that they have then failed to live up to.  We need adequate assurances that court supervision of production is not required.  Otherwise we risk being in this same position, still having to file a lawsuit months down the line.  I'm sure that you can understand that is not an acceptable position to ask my client to take, especially where the determination has already been significantly delayed.

The improper withholdings are also a serious issue.  From what I have seen so far, it looks like EPA is planning to heavily redact the records it is providing, regardless of whether those redactions are supported by the law.  If the current production is any indication, we may very well have to litigate the redactions anyways.  I pointed out some representative examples of the improper redactions, but they are really rampant throughout the calendar files we have received so far.  I asked that EPA provide a Vaughn Index explaining why it believes the claimed exemptions apply, and it has not provided that yet.  A satisfactory explanation for why I am wrong about the redactions and why the material is properly redacted, and unredacted records where EPA acknowledges the initial withholding decision was incorrect, is something we need in order to avoid litigation.

Again, we remain open to a solution that will adequately address our concerns, and I appreciate your communications.  I have done my best to be transparent about what we need, but let me know if you need any clarification on any of these points.  If we cannot resolve these issues by next Friday (4/5/19) then we plan to file a lawsuit to do so.

Best,
Stuart

On Tue, Mar 26, 2019 at 2:13 PM Yarbrough, Christopher <yarbrough.christopher@epa.gov> wrote:

> Good afternoon, Stuart.  I hope your day is going well.
>
> I am still evaluating your response from Friday, March 22, 2019.
>
> That said, pursuant to our past emails please see the link below containing a record responsive to #8 of your original FOIA request, asking for "all documents created by EPA since July 5, 2018 constituting or memorializing any instructions, directive, plan, policy, practice, or memorandum to EPA staff concerning how to review and/or respond to Freedom of Information Act ("FOIA")