# EXHIBIT M

**ENVIRONMENTAL ADVOCATES**
ATTORNEYS AT LAW

5135 ANZA STREET
SAN FRANCISCO, CA 94121
(720) 331-0385
Fax: (415) 358-5695
E-mail: wilcox@enviroadvocates.com

April 23, 2020

Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2511
Email: Derek.Hammond@usdoj.gov

**RE:  Remaining issues in *Ecological Rights Foundation v. EPA*, 19-cv-980 (D.D.C.)**

Dear Mr. Hammond:

Below please find references to missing records and to improper redactions that must be corrected in order to provide Plaintiff with a complete production of requested records under the Freedom of Information Act ("FOIA").

**Administrator Wheeler's Calendars:**

For the calendars, my pagination below refers to the pagination in the calendars, split by month, that we received.  For July 5-6, 2018; July 7-31, 2018; August 2018; September 2018; November 2018; and December 2018 I have provided the pagination from the interim releases as those are the files that I reviewed.  I believe the pagination is at least largely the same, but, to avoid incurring unnecessary fees, I have not re-reviewed these records.  For the remaining calendars I have relied on the record at https://www.epa.gov/foia/administrator-andrew-wheelers-calendars, which EPA provided in its final production letter. The problems with the calendars are generally the same as those that I identified to EPA before we initiated the lawsuit.  I have grouped the problems by topic below:

   (1) All attachments are missing.  These attachments are part of the records and must be produced.  I have included examples below, but we request all attachments from all of the produced calendar entries.
         a.   July 1 to July 6, 2018 Calendar pages 5, 11, 12, 14, and 16.
         b.   July 5-6, 2018 Calendar page 1.

c.  July 7-31, 2018 Calendar pages 40, 43, 49, 60, and 116.  Page 116 also omits the attachment name under Exemption (b)(6), which we also request be produced.  It is not plausible that an attachment name could represent a "clearly unwarranted invasion of personal privacy."

d.  August 2018 Calendar page 31 attachment omitted and name redacted under exemption (b)(5).  It is not plausible that the mere name of an attachment is deliberative under Exemption (b)(5).  We request an unredacted copy be produced.

e.  October 2018 Calendar pages 30, 31, 70, 71, 77, 78, 91, 92, 94, 96, and 107.

f.  January 2019 Calendar page 85.

g.  February 2019 Calendar pages 27, 62, 66, and 89.

h.  March 2019 Calendar pages 64, 65, 78, 85, 93, 114, 118, and 130.  Pages 78 and 93 also omit the name of the attachment under Exemption (b)(5). It is not plausible that the mere name of an attachment is deliberative under Exemption (b)(5). We request unredacted copies be produced.

(2) Several subjects/titles of meetings and other calendar items are omitted under Exemption (b)(5).  It is not plausible that the mere title of a meeting or similar information is deliberative under Exemption (b)(5). I have included examples below, but we request all meeting subjects/titles that were redacted under Exemption (b)(5) from all of the produced calendar entries.

a.  April 20 to June 30, 2018 Calendar pages 8, 16, 17, 19, 20, 22, 23, 24, 28, 29 (and all other labeled personal), 35, 87, 204, 238, and 260.

b.  January 2019 Calendar pages 2, 6, 11, and 68.

c.  February 2019 Calendar pages 7, 40, and 42.

d.  March 2019 Calendar pages 12, 49, 78, and 80.

(3) EPA redacts allegedly non-responsive information, which we request it produce, examples are provided below.

a.  January 2019 pages 1 and 91.

b.  February 2019 pages 1 and 89.

c.  March 2019 pages 1 and 132.

(4) EPA improperly redacted information from the January 2019 Calendar under Exemption (b)(7)(c) on pages including 2, 11, and 68 even though that information could not "reasonably be expected to constitute an unwarranted invasion of personal privacy."

(5) EPA has improperly redacted meeting participant names under Exemption (b)(6), but providing these names in no way represents a "clearly unwarranted invasion of personal privacy."  For example:

a.  April 20 to June 30, 2018 Calendar pages 54, 81-84, 87, 104, 106, 114, 118, 132, 133, 140, 142, 145, 146, 166, 177, 178, 179, 180, 185, 191, 192, 197, 198, 219, 231, 232, 233, 239, 249, 256, 261, 263, 265, 267, 271, 272, 283, 293, 298, and 308.

    b.  July 1 to July 6, 2018 Calendar pages 7 and 11

    c.  July 7-31, 2018 Calendar pages 16, 28-29, and 88

    d.  August 2018 Calendar pages 40 and 55.

    e.  September 2018 Calendar pages 38, 53, 56, 57, 62, 73, 83, 95, 103, and 109.

    f.  October 2018 Calendar pages 48, 74, 79, 86, and 99.

    g.  November 2018 Calendar pages 37, 42, 53, 60, 66-67, and 71.

    h.  December 2018 Calendar page 18.

    i.  January 2019 Calendar page 3.

    j.  February 2019 Calendar page 28.

    k.  March 2019 Calendar page 60.

(6) EPA has redacted names from the calendars under Exemption (b)(7)(f) on many occasions, however it is not plausible that release of this information could possibly endanger the life or physical safety of any individual.[1]  For example:

    a.  July 7-31, 2018 Calendar pages 28-29.

    b.  August 2018 Calendar page 15.

    c.  September 2018 Calendar pages 23, 54, 55, 61, 72, 92, and 105.

    d.  October 2018 Calendar pages 28 and 61.

    e.  November 2018 Calendar pages 1, 10, 16-17, 31, 42, 64, 65, and 75.

    f.  December 2018 Calendar pages 1, 24, 47, and 78.

    g.  January 2019 Calendar pages 12, 69, 70, and 78.

    h.  February 2019 Calendar pages 7, 14, 26-27, 40, 48, 64, 70, 76-77, and 83.

    i.  March 2019 Calendar pages 44, 62, 87, and 121-22.

(7) EPA has omitted several meeting subjects/titles under Exemption (b)(6) however a meeting description in no way represents a "clearly unwarranted invasion of personal privacy."  For example:

    a.  July 1 to July 6, 2018 Calendar pages 3 and 16.

    b.  July 7-31, 2018 Calendar pages 29, 38, and 116.

    c.  August 2018 Calendar page 1.

    d.  September 2018 Calendar pages 1, 57, and 92.

    e.  November 2018 Calendar pages 10 and 64.

    f.  March 2019 Calendar page 113.

(8) EPA has redacted information under Exemption (b)(5) where it appears that information was shared outside of EPA and/or where the claim is otherwise not plausible. For example:

    a.  April 20 to June 30, 2018 Calendar pages 47, 65, 67, 75, 123-24, 126-27, 128, 130, 141-46, 156, 213, 229, 233-34, 270, 275, 296, and 298-304.

    b.  July 5-6, 2018 Calendar page 1.

    c.  July 7-31, 2018 Calendar pages 26, 35, 36, 37-38, 39, and 40.

    d.  September 2018 Calendar pages 48, 62, 66-67, 79, and 99-100.

---

[1] Also have omitted some of the body of page 75 of April 20 to June 30, 2018 Calendar under Exemption (b)(7)(f).

  e.  December 2018 Calendar pages 22-23.

(9) EPA has improperly redacted additional portions of records under Exemption
     (b)(6).  For example:
     a.  April 20 to June 30, 2018 Calendar pages 75, 76, 87-88, and 141-46.
     b.  July 7-31, 2018 Calendar page 61.
     c.  August 2018 Calendar page 1.
     d.  September 2018 Calendar pages 56, 62, 66-67, 79, and 99-100.

**Other Redactions and Missing Records:**

**7/15/19 production:**

(1) On page 16 EPA redacts the entire discussion of what former Administrator
     Pruitt's speech was about under Exemptions (b)(6) and (b)(7)(c).  However, this
     information merely recounts a public speech made in front of a large group of
     people, many of whom are not government officials.  As a result, there is no
     privacy interest in the statements made on this page.

(2) On page 19 EPA redacts all substance of the interview under Exemptions (b)(6)
     and (b)(7)(c).  It is not plausible that this contains no disclosable information.

(3) Attachments are missing.  For example, page 32 references an attachment with the
     interview questions (also shows an icon for that attachment), but the list is not in
     the production.

**8/14/19 production:**

(1) There are no drafts of the single record provided in this production.  It is not
     plausible that this statement went directly to its final version.

**11/25/19 production (first in court ordered production schedule):**

(1) Responsive Records - OIG Set 2 - 2018-011071_redacted omits attachments
     referenced on Pages 3, 4, 5 , and 8-11.

(2) Responsive Records - OIG Set 4 - 2018-011071_redacted has overbroad
     redactions making it impossible to determine propriety.

**1/24/20 – Fourth production (second from court ordered production schedule):**

(1) FOIAPolicyand ProceduresMemo is missing referenced attachments.

**3/25/20 – Fifth production (third, and final, from court ordered production schedule):**

(1) Part 10 Sub B PDF Portfolio: 03_ED_001702A_00000003.pdf is missing its attachment.  There is also no 03_ED_001702A_00000004.pdf.  Perhaps this is the missing attachment?

Finally, even if an exemption or exemptions did arguably apply to any of the redacted items in the productions discussed above, and we do not agree that they do, Congress amended FOIA through the FOIA Improvement Act of 2016 to make it clear that the Agency can only withhold documents where their disclosure would cause reasonably foreseeable harm.  5 U.S.C. § 552(a)(8)(A)(i)(I).  The broad-brush redactions we have here completely ignore that goal and are contrary to the letter and spirit of FOIA.

Thank you for your attention to this matter.  If you have any questions about this letter, please do not hesitate to contact me.

Sincerely,
*/s/ Stuart Wilcox*
Stuart Wilcox