# EXHIBIT N



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**

WASHINGTON, D.C. 20460

OFFICE OF
GENERAL COUNSEL

June 10, 2020

*Via Email*

Stuart Wilcox
Stuart Wilcox LLC
2340 Dayton Street
Aurora, CO 80010
Stuart.wilcox5@gmail.com

      RE: Remaining Issues in *Ecological Rights Foundation v. EPA,* 1:19-cv-00980 (D.D.C.)

Dear Mr. Wilcox:

      This letter is in response to your April 23, 2020 letter concerning the U.S. Environmental Protection Agency's (EPA or Agency) production of records in the above-referenced case. The Freedom of Information Act (FOIA) request at issue in this case is EPA-HQ-2018-011071, which has ten parts and multiple sub-parts related to several discrete topics. As described in the parties' August 14, 2019 Joint Status Report, the Agency agreed to Plaintiff's proposal that a reasonable search would consist of consulting with subject-matter experts and manually collecting potentially responsive records as opposed to using e-discovery tools or Boolean searching.

      In your letter you stated that you considered the Agency's production incomplete due to missing records and improper redactions. Below please find EPA's responses to your concerns.

**Administrator Wheeler's Calendars[1]**

Your letter stated that attachments to certain calendars were not included in the production and raised questions about certain calendar entry redactions.

The Agency is collecting and reviewing the reviewing attachments to Administrator Wheeler's calendar and will produce them, subject to any applicable FOIA exemptions, no later than June 25, 2020. The Agency is re-reviewing the withholdings in Administrator Wheeler's calendar identified in your letter. EPA will re-produce relevant portions of the calendar as appropriate, subject to any applicable FOIA exemptions, no later than June 25, 2020. Any remaining withholdings will be addressed in EPA's Summary Judgment filing.

Separate from the attachments and the withholdings, your letter alleges that, "EPA redacts allegedly non-responsive information, which we request it produce." That is incorrect. EPA defined the record to be the Administrator's Outlook calendar and produced that record to you. The redactions cited in your

---

[1] For ease of reference, this letter is organized using the same, or similar, headings from your April 23 letter. EPA expressly denies that any of the Agency's productions were issued as part of a "court ordered production schedule."

letter concern separate non-responsive records generated in the process of exporting the calendar for FOIA production.

**7/15/19 production**

For this production, your letter raised questions concerning: (1) redactions on pages 16 and 19 of the production and (2) attachments that were not produced. First, as to the redactions on pages 16 and 19, EPA has removed certain redactions, and the updated records are attached.[2] The remaining redactions would reveal the identity of witness(es) being interviewed in OIG investigations and are withheld pursuant to 5 U.S.C. § 552(b)(6) and (7)(C).

Second, the referenced attachments are outside the scope of your request because they were created prior to July 5, 2018, and some were not created by EPA. However, in an effort to narrow the issues, EPA is providing the attachments. The attachments include redactions pursuant to 5 U.S.C. § 552(b)(6) and (7)(C) because the information would reveal the identities of law enforcement personnel and witnesses.

**8/14/19 production**

For this production, your letter stated, "[t]here are no drafts of the single record provided in this production. It is not plausible that this statement went directly to its final version."  Your letter appears to reference the November 2018 Awareness Notification memorandum. This part of your FOIA request sought, "All documents created by EPA since July 5, 2018 constituting or memorializing any instructions, directive, plan, policy, practice, or memorandum to EPA staff concerning how to review and/or respond to Freedom of Information Act ('FOIA') requests." Any draft versions of the November 2018 Awareness Notification Memo were not circulated to EPA staff as an instruction, directive, plan, policy, practice or memorandum and are therefore outside the scope of your request. Furthermore, as you are aware, any drafts would be withheld pursuant to 5 U.S.C. § 552(b)(5), Deliberative Process Privilege.

**11/25/19 production**

For this production, your letter raised questions concerning: (1) attachments to "OIG Set 2 - 2018-011071_redacted," that you state are missing and (2) redactions to "OIG Set 4 - 2018-011071."

The OIG Set 2 attachments referenced in your letter are outside the scope of your request because they were created prior to July 5, 2018, and some were not created by EPA. However, in an effort to narrow the issues, EPA is providing the attachments. The attachments include redactions pursuant to 5 U.S.C. § 552(b)(6) and (7)(C) because the information would reveal the identities of law enforcement personnel and witnesses.

As to the OIG Set 4 attachments, the Agency has removed certain redactions, and the updated records are attached.

---

[2] Please note that throughout the documents included in today's production, the page numbers in the original production will not correspond to the page numbers in today's production.

**1/24/20 production**

For this production, your letter stated that the FOIA Policy and Procedures Memo was missing attachments. There are two attachments referenced in the FOIA Policy and Procedures Memo – "EPA FOIA Policy and Procedures" and "Overview of Changes to the FOIA Resulting from the FOIA Improvement Act of 2016." The Agency's FOIA Policy and Procedures are accessible at this link: epa.gov/sites/production/files/2015-03/documents/cio_2157.1.pdf. The OGC guidance on the FOIA Improvement Act of 2016 is being produced to you today.

**3/25/20 production**

For this production, your letter noted that 03_ED_001702A_00000003.pdf was missing its attachment. The attachment, 03_ED_001702A_00000004.pdf, was identified and is titled: "ORD Response to OW Phase 2 request DRAFT 03-07-17." This draft document is withheld in full pursuant to 5 U.S.C. § 552(b)(5), Deliberative Process Privilege.

**Conclusion**

The Agency continues to be open to answering any questions you may have about the records produced or providing additional context or information where appropriate. If you have any questions, please contact Assistant U.S. Attorney Derek Hammond at (202) 252-2511.

Sincerely,

/s/ Peter Bermes

Attorney Advisor
Office of General Counsel
U.S. Environmental Protection Agency

Enclosures:    7.15.19 Production Amended_combined_redacted_FINAL.pdf
11.25.19 Set 2 Production Amended_combined_redacted_FINAL.pdf
11.25.19 Set 4 Production Amended_combined_redacted_FINAL.pdf
OGC Guidance FOIA Improvement Act of 2016.pdf

Cc:    Derek Hammond, Assistant U.S. Attorney