# EXHIBIT O

**ENVIRONMENTAL ADVOCATES**
ATTORNEYS AT LAW

5135 ANZA STREET
SAN FRANCISCO, CA 94121
(720) 331-0385
Fax: (415) 358-5695
E-mail: wilcox@enviroadvocates.com

June 18, 2020

Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2511
Email: Derek.Hammond@usdoj.gov

**RE:  Remaining issues in *Ecological Rights Foundation v. EPA*, 19-cv-980 (D.D.C.)
After EPA's Supplemental Production of Records.**

Dear Mr. Hammond:

Below please find references to missing records and to improper redactions that must be
corrected in order to provide Plaintiff with a complete production of requested records
under the Freedom of Information Act ("FOIA").  Note that this discussion only relates to
the portion of EPA's production for which EPA produced additional records on June 11,
2020, and does not relate to Administrator Wheeler's calendars, which we are still
waiting for EPA to produce in unredacted form as per our previous, April 23, 2020, letter.

**7/15/19 production:**

(1) The information redacted after "he did have talking points" on page 2 of the
supplemental 7/15/19 production is improperly withheld under (b)(6) and
(b)(7)(c).  It merely recounts a public speech made in front of a large group of
people, many of who are not government officials.  As a result, there is no privacy
interest in the statements made on this page.  There is also a strong public interest
in information relating to this investigation.  As a result, EcoRights requests that
EPA produce this record in unredacted form.

(2) Page 10 of the supplemental 7/15/19 production redacts names of people that
attended an executive committee meeting under (b)(6) and (b)(7)(c).  These
people do not have an expectation of privacy in not having attendance at a
meeting with the EPA Administrator known.  For example, look at the

Administrator's calendar entries, which often show the names of outside individuals that are meeting with the Administrator.  There is also a strong public interest in knowing who these people were in order to determine whether they changed position or took action encouraging the United States to withdraw from the Paris Climate Accord after meeting with Former Administrator Pruitt.  There is also no plausible (b)(7)(c) interest here.  This is a bare list of the executive committee of the National Mining Association.  It would not disclose the identity of the interviewee.  Moreover, it would not interfere with any investigation in any other way either because the records that EPA has produced indicate that EPA abandoned this investigation when former Administrator Pruitt resigned.  More importantly, this information was not "compiled for law enforcement purposes," which is a threshold requirement for invoking any (b)(7) exemption.  *See* 5 U.S.C. § 552(b)(7).  This list was compiled by the National Mining Association.  Nor, as discussed above with regard to EPA (b)(6) claim, could it "reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(c).  As a result, EcoRights requests that EPA produce this record in unredacted form.

**8/14/19 production:**

(1) In response to our April 23, 2020, observation that EPA failed to provided any drafts of the November 2018 Awareness Notification memorandum, EPA says "[a]ny draft versions of the November 2018 Awareness Notification Memo were not circulated to EPA staff as an instruction, directive, plan, policy, practice or memorandum and are therefore outside the scope of your request."  However, EcoRights' FOIA Request is not so limited.  EcoRights requested "all documents constituting, memorializing, explaining or commenting upon the following … [a]ll documents created by EPA since July 5, 2018 constituting or memorializing any instructions, directive, plan, policy, practice, or memorandum to EPA staff concerning how to review and/or respond to Freedom of Information Act ('FOIA') requests."  Drafts of this final document and comments and communications associated with those drafts and the drafting process would explain or comment on the memorandum.  Therefore, to the extent those drafts and communications post-date July 5, 2018 and pre-date EPA's search for records, they would be included in EcoRights' FOIA Request.  Furthermore, we do not agree with EPA's blanket assertion that these records would necessarily be properly withheld under Exemption (b)(5).  It continues to be our position that this memorandum did not go immediately to final version and that EPA must produce other records related to its creation, including drafts.  EPA's position here indicates that it misread EcoRights' FOIA Request; likely carried out an overly narrow, inadequate search; and is now withholding responsive records without legal basis.  We request that EPA remedy these shortcomings and produce the missing records.

**3/25/20 – Fifth production (third, and final, from court ordered production schedule):**

(1) We continue to request that EPA produce the referenced attachment (ORD Response to OW Phase 2 request DRAFT 03-07-17) and dispute that it is properly withheld under Exemption 5, or any other exemption.

To reiterate, the above represents additional or remaining issues of dispute with regard to EPA's partial production of records responsive to EcoRights' FOIA Request. This discussion does not include disputes as to redactions from Administrator Wheeler's calendar as EPA has not yet provided a response to EcoRights' objections regarding the produced calendar entries.

Thank you for your attention to this matter. If you have any questions about this letter, please do not hesitate to contact me.

Sincerely,
*/s/ Stuart Wilcox*
Stuart Wilcox