# EXHIBIT Q

**ENVIRONMENTAL ADVOCATES**
ATTORNEYS AT LAW

5135 ANZA STREET
SAN FRANCISCO, CA 94121
(720) 331-0385
Fax: (415) 358-5695
E-mail: wilcox@enviroadvocates.com

July 23, 2020

Katy Molen
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 803-1572
Email: Kathleene.Molen@usdoj.gov

**RE:  Remaining issues in *Ecological Rights Foundation v. EPA*, 19-cv-980 (D.D.C.)**
**After EPA's Second Supplemental Production of Records.**

Dear Ms. Molen:

We received your email earlier today requesting a briefing extension of 30 days for
EPA's motion for summary judgment. However, the requested records are time-sensitive
and long overdue. As a result, it is contrary to my client's interests to agree to an
extension of that length. However, we understand that you are new to the case and we
continue to welcome narrowing of issues, so we are willing to agree to a 14-day
extension of the briefing deadlines to accommodate that.

Below I have provided our position on several categories of withholdings that we believe
are improper. I have also referenced some narrower issues with EPA's supplemental
productions of records that my client believes must be corrected. I believe that at least
several of these are merely accidental and should be easily resolved. In addition, at some
point we should discuss the content of EPA's *Vaughn* index. Please let me know when
would be good for you.

**Exemption 6 Withholding of Allegedly Personal Plans:**

EPA claims that certain redacted records relate to Administrator Wheeler's vacations or
allegedly personal meetings. It is our position that EPA cannot withhold these records.
This extends to meeting locations (including lunch and dinner) and travel details.
However, my client is willing to forego challenging EPA's withholding of information
identified as pharmacy appointments and the driving directions withheld under (b)(6) and

(b)(7)(e), even though my client does not concede that this information is properly withheld.

**Non-Responsiveness Withholdings:**

It is my client's position that these withholding are improper and the redacted information must be produced.

**Personal Security Detail ("PSD") Names and Email Addresses:**

It is my client's position that these names are improperly redacted and must be produced. However, while my client does not concede that EPA's withholding of any email address is proper, my client would be willing to forego production of email addresses for these people to the extent such withholding is consistent with the other email address withholdings in the Administrator's calendars (*i.e.*, if they are not "business, official, or otherwise publicly available email addresses…"). If these email addresses do not fit in these categories then it is my client's position that EPA must produce these email addresses as well.

**Meeting Participant Email Addresses:**

As discussed above, my client does not concede that EPA's withholding of any email address is proper. However, my client does not intend to challenge EPA's withholding of emails that are not "business, official, or otherwise publicly available email addresses," except as otherwise discussed herein or in records that are currently being withheld in full. For the latter, we have no ability to address our position as to those records at this time because we have not seen them.

**Names in OIG Records:**

My client does not concede that EPA's withholding of these names is proper. However, my client does not intend to challenge EPA's redaction of names from Office of the Inspector General investigation records.

**Drafts of Awareness Review Memorandum:**

My client disputes that drafts of the Awareness Review Memorandum are not responsive to its FOIA request and intends to challenge EPA's contrary position on this point unless EPA produces these records.

**Exemption 5 (Calendar Entries):**

It is my client's position that EPA has improperly withheld this information under Exemption 5 and that EPA must produce it.

**Exemption 5 (Calendar Attachments):**

My client may be willing to forego challenging EPA's withholding of ED_004712_00004640, ED_004712_00004641, and ED_004712_00017981. However, we currently do not have enough information to assess the propriety of these withholdings. If EPA does not provide sufficient information supporting these withholdings then we plan to challenge the withholdings. My client disputes the other invocations of Exemption 5 in the calendar attachments (both records withheld in part and records withheld in full).

**Exemption 6 (Calendar Attachments):**

My client does not concede that EPA's withholding of this information is proper, but my client does not intend to challenge EPA's redaction of email addresses and conference call numbers and codes. If you believe there are Exemption 6 redactions that are not within these categories then please let me know and we can discuss. Otherwise, please assume that we dispute those withholdings.

**Other Subjects/Titles Withheld Under Exemption 5:**

In my April 23, 2020 letter, I said: "I have included examples below, but we request all meeting subjects/titles that were redacted under Exemption (b)(5) from all of the produced calendar entries." To the extent that EPA continues to withhold any of these, whether listed as examples in my letter or not, my client intends to challenge that withholding.

**Incorrect Assertions Regarding Exemption (b)(7)(c) Redactions:**

EPA's Attachment 2 says, with regard to the January 2019 Calendar file, that "There are no (b)(7)(C) withholdings on page 2 of this calendar." However, there are, even in the newly produced version. This is the same with pages 11 and 12. Also, Attachment 2 says that the (b)(7)(c) redaction on page 68 was removed, but it is still there. I think this was unintentional, but my client intends to challenge this if EPA does not fix the redactions.

**Meeting Participant Names Withheld:**

There are still at least a few meeting participant names and email addresses that are being withheld. *See, e.g.,* April 20 to June 30, 2018 Calendar at 81-84, 87. We presume this was unintentional and request that EPA produce this information wherever it is missing. Should EPA decline to do so then we plan to challenge this.

**Miscellaneous Problems:**

- For the February 2019 Calendar, EPA's Attachment 2 says "28: The Agency will continue to withhold this meeting participant's name pursuant to Exemption 6. The meeting participant was a prospective candidate for a position that they did

not fill." First, my client does not agree that EPA can withhold this information. Second, there are several names redacted on this page, so it is unclear which names EPA's assertion applies to.

- EPA's Attachment 2 says, for the August 2018 Calendar, "15: These [Exemption (b)(7)(f)] redactions have been removed." But there is actually one new redaction that was added. My client disputes this redaction.

- EPA's Attachment 2 says, for the September 2018 Calendar, "92: There are no meeting titles withheld under (b)(6) on page 92 of this calendar; however, Administrator Wheeler's calendar account email address is withheld on this page pursuant to Exemption 6." But there is a subject redacted in the 5-5:30 timeslot of the calendar marked as "personal." My client disputes this redaction.

- EPA's July 10, 2020 letter says "For this production, your letter raised concerns with EPA's position that the record 'ORD Response to OW Phase 2 request DRAFT 03-07-17' is properly withheld pursuant to 5 U.S.C. § 552(b)(5), Deliberative Process Privilege. This record is a non-final draft document that is both pre-decisional and deliberative. The Agency will continue to withhold this document." My client continues to dispute this withholding.

Thank you for your attention to this matter. If you have any questions about this letter or would like to discuss any of EPA's withholdings, please do not hesitate to contact me.

Sincerely,
*/s/ Stuart Wilcox*
Stuart Wilcox